18-1937-cr
*United States v. Zeilman*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand nineteen.**

PRESENT: JOSÉ A. CABRANES,
      RAYMOND J. LOHIER, JR.,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee,*        18-1937-cr

      v.

LISA ZEILMAN,

      *Defendant,*

WARREN ZEILMAN,

      *Defendant-Appellant.*

---

1

FOR APPELLEE:                                    Miroslav Lovric and Carina H.
                                                 Schoenberger, Assistant United States
                                                 Attorneys, *for* Grant C. Jaquith, United
                                                 States Attorney for the Northern District
                                                 of New York, Syracuse, NY.


FOR DEFENDANT-APPELLANT:                          Malvina Nathanson, New York, NY.


Appeal from a June 26, 2018 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Warren Zeilman ("Zeilman") was convicted, following a guilty plea, of one count of possession and attempted possession of a listed chemical, namely pseudoephedrine, knowing it would be used to manufacture a controlled substance, namely methamphetamine, in violation of 18 U.S.C. § 2(a) and 21 U.S.C. §§ 841(c)(2) and 846. His recommended range of imprisonment under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was 70 to 87 months. He was sentenced to an eighteen-month term of imprisonment and three years of supervised release. On appeal, Zeilman principally contends that his sentence was substantively unreasonable because the District Court declined to impose a non-custodial sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of a sentence for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence as substantively unreasonable only if it "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). We identify as substantively unreasonable "only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

Zeilman's below-Guidelines sentence of eighteen months is not substantively unreasonable in light of the seriousness of his crime. Moreover, the District Court already varied significantly downward from the advisory Guidelines range. In fact, after originally announcing a 24-month sentence, the District Court granted a further six-month downward variance upon request of Zeilman's counsel at sentencing. There is nothing unreasonable in the District Court's decision not to vary further to impose a non-custodial sentence, especially where Zeilman's applicable range falls within Zone D of the sentencing table, rendering him ineligible under the Guidelines for a term of

2

probation. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 5B1.1 cmt. n.2 and 5C1.1(f) (2016). Finally, Zeilman's sentence is approximately half of what other similarly situated defendants received, and it is justifiably higher than the sentence imposed on his co-defendant (and wife), who did not manufacture methamphetamine.

## CONCLUSION

We have reviewed all of the arguments raised by Zeilman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 26, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court